# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | 1:11cv0425 AWI DLB |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR DEFAULT JUDGMENT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | (Document 8) |
| | ) | |
| COREY BURLESON a/k/a RODNEY BURLESON a/k/a COREY RODNEY BURLESON, et al., | ) | |
| | ) | |
| Defendant. | ) | |

On August 11, 2011, Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed the instant motion for default judgment against Defendant Corey Burleson a/k/a Rodney Burleson a/k/a Corey Rodney Burleson, individually and d/b/a Freeway Lanes Bowling Alley a/k/a Nacho Mama's ("Defendant"). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court held a hearing on the matter on September 23, 2011. David Shapiro appeared on behalf of Plaintiff. Defendant did not appear.

**DISCUSSION**

Plaintiff filed this action on March 11, 2011, alleging violations of 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as a state law cause of action for conversion. The action is based on Defendant's alleged unlawful interception, reception, and exhibition of "'The Event': The Manny Pacquiao v. Joshua Clottey, WBO Welterweight Championship Fight Program" ("Program"), which was telecast on March 13, 2010.

On July 7, 2011, Plaintiff filed a proof of service indicating that Defendant was served on June 12, 2011, by substituted service on "Bruce Doe", a co-occupant at Defendant's residence in Selma, California, who refused to provide a last name.  The process server also mailed the documents to Defendant at his business address.  Doc. 5.  According to the declaration of diligence, the process server attempted service at Defendant's former business address and attempted service on four separate occasions at the residence address (June 8, June 9 and June 12).  Doc. 5, p. 2.

On July 18, 2011, pursuant to Plaintiff's request, the Clerk of the Court entered default against Defendant.

Plaintiff filed the instant motion for default judgment on August 11, 2011.  Defendant was served with the motion by mail at his residence address.

The Court held a hearing on the motion on September 23, 2011.  David Shapiro appeared on behalf of Plaintiff.  Defendant did not appear.  At the hearing, the Court had questions concerning the affidavit completed by Mr. Lawrence Brookter, a private investigator who reportedly observed the unlawful exhibition of the Program at Freeway Lanes Bowling Alley on Saturday, March 13, 2010.  In relevant part, Mr. Brookter stated that the establishment had a bar, which was separate from where the Program was being shown, and that the Program was being shown "behind a Curtin [sic] which was in the restaurant area."  Affidavit of Lawrence Brookter. Mr. Brookter observed four people watching the fight when he entered and the head count was ten when he left the establishment.  Id.

Following the hearing, the Court issued a minute order continuing the motion and ordering Plaintiff to submit a revised affidavit within thirty (30) days.  As noted at the hearing, the Court sought additional information regarding, amongst other things, the area in which the fight was shown, including its public accessibility, and whether one or more of the head counts included the entire establishment or only those persons viewing the Program.

On October 28, 2011, Plaintiff submitted an *ex parte* application for an extension of time to submit a revised affidavit, explaining that Mr. Brookter was out of the country.  On November

1, 2011, the Court granted the *ex parte* application and ordered Plaintiff to file a revised affidavit or schedule an evidentiary hearing within thirty (30) days.

On December 5, 2011, Plaintiff noticed an evidentiary hearing for February 10, 2012. However, on February 6, 2012, Plaintiff submitted an *ex parte* application to continue the evidentiary hearing due to a scheduling conflict.  The Court granted the application and continued the hearing to April 20, 2012.

On April 17, 2012, Plaintiff submitted another *ex parte* application to continue the hearing based on a scheduling conflict.  The Court again granted the application and continued the hearing to June 15, 2012.

On June 15, 2012, neither Plaintiff nor Defendant appeared for the evidentiary hearing. Accordingly, because Plaintiff failed to appear for the evidentiary hearing and failed to provide a revised affidavit, the Court recommends that this motion BE DENIED WITHOUT PREJUDICE.

**RECOMMENDATION**

Based on the above, the Court RECOMMENDS that the motion for default judgment be DENIED WITHOUT PREJUDICE.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within **fourteen (14) days** after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Responses to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

Dated:   **June 19, 2012**             /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE